IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINALD HIGH, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 05-AR-1459-S |
| | } | |
| WAL-MART STORES EAST, L.P., | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

The court has before it the motion of defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), pursuant to Rule 7, F.R.A.P., to require plaintiff/appellant, Reginald High ("High"), to file a bond to guarantee payment of its anticipated fees and costs incurred in defending High's appeal, in the event the appeal is unsuccessful. Wal-Mart suggests $25,000 as the amount of the bond. Reacting to this motion without actually contesting its allegation that the appeal is frivolous, groundless, and/or unreasonable, High, who did not accompany his notice of appeal with the requisite payment of the filing fee, now seeks the right to proceed *in forma pauperis*. The affidavit attached to High's motion reflects that he is gainfully employed and has either paid or has agreed to pay his attorney the sum of $5,000 to prosecute the appeal.

**I. History**

On July 7, 2005, High, who is black, brought suit in this

1

court alleging that he was fired by Wal-Mart and that its decision to do so was racially motivated in contravention of 42 U.S.C. § 1981.  After lengthy discovery, this court, expressly determining that High failed to establish a *prima facie* case, granted summary judgment in favor of Wal-Mart.  High filed no Rule 59 motion.  Instead, on October 27, 2006, he filed a notice of appeal, but without the requisite filing fee.  Shortly thereafter, Wal-Mart filed its motion for a Rule 7 bond.  High made no response to Wal-Mart's motion and does not contest the amount of the bond proposed by Wal-Mart.  On November, 16, 2006, a hearing was held on Wal-Mart's motion.  High's counsel did not appear.  However, later that day, High filed his motion seeking *in forma pauperis* status.

## II. Analysis

High sued for discriminatory termination after he was fired for what Wal-Mart characterized as gross misconduct and repeated instances of sexual harassment.  High argued that his termination was discriminatory because a Caucasian employee who had also engaged in harassing conduct received a punishment less than termination. However, the evidence presented at the summary judgment stage, including High's own testimony, showed that whereas the employee to whom High would compare himself had engaged in a single act of verbal harassment, High had engaged in repeated instances of both verbal and physical harassment.  On this undisputed evidence, this court concluded that High had no

2

evidentiary basis for a *prima facie* case under § 1981. Accordingly, the court granted summary judgment.

**a) Wal-Mart's Motion to Require Appellant to File Bond**

Rule 7, F.R.A.P., permits the district court to require "the appellant to file a bond . . . in any form and amount necessary to ensure payment of costs on appeal." Under the fee-shifting provisions of 42 U.S.C. § 1988, here applicable, the court may require an appellant to post bond before proceeding with an appeal from a final judgment if the court determines that the appeal is frivolous, unreasonable, and/or without foundation. *Young v. New Process Steel, L.P.*, 419 F.3d 1201, 1207-08 (11th Cir. 2005).

In *Young*, the Eleventh Circuit held that, when evaluating the question of possible frivolity, unreasonableness, or groundlessness the trial court must consider "a plaintiff's possibility of success on appeal based on what the court has seen of his case . . . ." Id. Although the court recognizes the inherent strain on its objectivity when called upon to evaluate its own decision for a likelihood of reversal, it concludes in this case that High has very little or no chance at the appellate level and therefore that his appeal, or purported appeal, is frivolous, groundless, and/or unreasonable.

At the summary judgment stage, High was unable to meet the burden required of him to establish a *prima facie* case of discrimination. Although High has never defended his appeal

against Wal-Mart's charge of frivolousness, groundlessness, and/or unreasonableness, the court assumes that the only issue that High intends to raise on appeal is over this court's finding that he failed to show that there was a comparator of a different race who was accused of the same or similar conduct and who received a lesser discipline.  As Wal-Mart correctly notes, High offers nothing to suggest that this court erred in its interpretation of § 1981 or in its elucidation of the facts.  Rather, the only possible explanation for High's appeal is that he thinks he has a better case than he actually has.  This court is comfortable with its conclusion that his appeal is frivolous, unreasonable, and/or groundless.

### b) High's Motion to Proceed *in forma pauperis*

Rather than to respond to Wal-Mart's motion, High belatedly moved for leave to proceed *in forma pauperis*.  As required by Rule 24, F.R.A.P., High filed, with his motion, an affidavit purporting to support his claim of inability to pay the costs associated with an appeal.

In the Eleventh Circuit, a litigant who wishes to proceed *in forma pauperis* must do more than simply show economic hardship; he must also show that his appeal is brought in good faith. *United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.*, 896 F.2d 558 (11th Cir. 1990).  An appellant establishes good faith if he affirmatively shows that the appeal is not frivolous, in

4

other words, not lacking in merit.  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  The court has already determined that High's appeal is frivolous, baseless, and unreasonable.  It would be inconsistent of the court to allow High to proceed *in forma pauperis* as a means for avoiding the Rule 7 bond which is required under *New Process Steel* upon a finding that the appeal is frivolous.  Alternatively and additionally, the court concludes that an appellant, like High, who is gainfully employed and who is paying his lawyer $5,000 can pay the filing fee that did not accompany High's notice of appeal.  The time when the notice of appeal was filed was the time to request *in forma pauperis* status.  Not having done so only adds to the frivolousness of this appeal.

At the hearing on Wal-Mart's request for Rule 7 bond, the court told Wal-Mart that $25,000 was $5,000 too much.  Consistent with the foregoing, the court will, by a separate order, deny High's motion and will grant Wal-Mart's motion and will order High to file a bond for the anticipated costs on appeal in the amount of $20,000.

DONE this 24th day of November, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE